UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANCES HOELPER, and
MICHAEL SWANN,

        Plaintiffs,

v.                                                          Case No.: 8:10-cv-01324-EAK-EAJ

JIM COATS, SHERIFF
OF PINELLAS COUNTY,
et al,

        Defendants.

_____/

## ORDER

    This cause is before the Court on Defendant, Jim Coats', Rule 12(b)(6) Motion to

Dismiss (Doc. 5) Plaintiffs, Frances Hoelper and Michael Swann's, 42 U.S.C. § 1983 civil

rights complaint on Count I and III (Doc. 1), and response thereto (Doc. 18) and Defendants,

Mark Zirkel and William Wiltse's, Rule 12(b)(6) Motions to Dismiss (Doc. 9, 11) the

Plaintiffs' 42 U.S.C. § 1983 civil rights complaint (Doc. 1), and responses thereto (Doc. 14,

15).

## BACKGROUND AND PROCEDURAL HISTORY

    Plaintiffs, Frances Hoelper and Michael Swann, filed this action on June 10, 2010, in

the United States District Court for the Middle District of Florida, Tampa Division.

1

This lawsuit arises from Defendant, Deputy Mark Zirkel and William Wiltse's, alleged unlawful arrest, detention, and criminal prosecution of Plaintiff Hoelper stemming from an incident where Daniel Zirkel, Defendant Zirkel's brother, allegedly attacked her (Compl. ¶¶ 2-3, 17). Plaintiff Hoelper alleges that Defendant Coats, Sheriff of Pinellas County, is liable for the deprivation of her constitutional rights since Defendant Coats' policy and/or custom, ignoring a misconduct of his deputies and protecting them from discipline, allowed his deputies' alleged unlawful activities (Compl. ¶¶ 37, 43). In the Pinellas County Criminal proceedings, Plaintiff Hoelper was found not guilty by jury on December 12, 2007 (Compl. ¶ 3).

Under 42 U.S.C. § 1983, Plaintiff Hoelper asserts municipal liability against Defendant Coats in his official capacity, in violation of the Fourth and Fourteenth Amendments of the United States Constitution (Count I and III). She also claims malicious prosecution against Defendants Wiltse and Zirkel, in their capacities as deputy sheriffs, in violation of the Fourth Amendment (Count II). Plaintiff Michael Swann, Plaintiff Hoelper's husband, sues all Defendants for loss of consortium (Count IV).

Defendants move to dismiss the complaint for failure to state a claim under the Federal Rules of Civil Procedure 12(b)(6). Defendant Jim Coats filed a motion to dismiss (Doc 5) on July 7, 2010, Defendant Mark Zirkel filed a motion to dismiss (Doc. 9) on July 19, 2010, and Defendant William Wiltse filed his motion to dismiss (Doc. 11) on July 23, 2010. Plaintiffs responded (Doc. 14, 15, 18) in opposition.

2

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," to give the defendant fair notice of both the claim and the supporting grounds. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A defendant may move to dismiss a complaint under Rule 12(b)(6) for "failure to state a claim on which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a defendant's Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include enough "factual allegations to raise a right to relief above the speculative level," and those facts must "state a claim to relief that is plausible on its face." Id. at 570. While a complaint attacked by a Rule 12(b)(6) need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. The Rule 8 pleading standard does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

A complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of circumstances that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). On a motion to dismiss, the complaint shall be viewed in the light most favorable to the plaintiff. Ill. ex Rel. Madigan v. Telemarketing Assoc. Inc., 538 U.S. 600, 618 (2003). The court limits its considerations to

the pleadings and exhibits attached thereto. GSW, Inc. v. Long Co., Ga., 999 F. 2d 1508,

1510 (11th Cir. 1993).

On a motion to dismiss, "the qualified immunity inquiry and the Rule 12(b)(6)

standard become intertwined." GJR Invs., Inc. v. County of Escambia, Fla., 132 F. 3d 1359,

1366 (11th Cir. 1998). In order to protect public officials from meritless claims, the Eleventh

Circuit tightened the Rule 8 pleading requirement with respect to a § 1983 claim against a

person arguably entitled to qualified immunity. Id. at 1367. The complaint must have

"specific, non-conclusory allegations of fact that will enable the district court to determine

that those facts, if proved, will overcome the defense of qualified immunity." Dalrymple v.

Reno, 334 F. 3d 991, 996 (11th Cir. 2003).

## DISCUSSION

## I.      Municipal Liability

### A.      Count I: Custom, Policy, and Practice Claim

In Count I of the complaint, Plaintiff Hoelper asserts a 42 U.S.C. § 1983 claim that

Defendant Sheriff Coats' custom, policy, and practice caused the violation of the Plaintiff's

rights under the Fourth and Fourteenth Amendments of the United States Constitution.

Defendant Coats moved to dismiss (Doc. 5) for failure to state a cause of action under 42

U.S.C. § 1983.

4

When a plaintiff sues a county sheriff in his official capacity under 42 U.S.C. § 1983, the suit is effectively a suit against the county. Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, 402 F. 3d 1092, 1115-16 (11th Cir. 2005). The doctrine of respondeat superior is not attached under § 1983. City of Canton v. Harris, 489 U.S. 378, 385 (1989). Thus, a county is liable under § 1983 only where the execution of its "official policy" or "custom" serves as the "moving force" of a constitutional violation. Monell v. Dept. of Soc. Services., 436 U.S. 658, 694, 698 (1978); City of Canton, 489 U.S. at 385. A § 1983 plaintiff must identify a particular municipal policy or a custom that directly caused the plaintiff's constitutional injury. Board of County Comm'rs v. Brown, 520 U.S. 397, 403-04 (1997).

A § 1983 plaintiff may prove a policy by "an unofficial custom or practice of the [municipality] shown through repeated acts of a final policymaker for the county." Grech v. Claton County, 335 F. 3d 1326, 1329 (11th Cir. 2003). The Eleventh Circuit defined custom as "a practice that is so settled and permanent that it takes on the force of the law." Sewell v. Town of Lake Hamilton, 117 F. 3d 488, 489 (11th Cir. 1997). Thus, a municipality's failure to train constitutes a policy if "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights," that the failure to train amounts to deliberate indifference to a constitutional right. Arroyo v. Judd, No. 8:10-cv-911-T-23TBM, 2010 WL 3044053 at *2 (M.D. Fla. Jul. 30, 2010) (citing City of Canton, 489 U.S. at 390 (1989)).

To establish a "deliberate indifference," a plaintiff must provide some evidence that the municipality made a conscious choice not to act, regardless of notice of a need to train or supervise in a particular area. Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). "Normally random acts or isolated incidents are insufficient to establish a custom or policy." Depew v. City of St. Marys, 787 F. 2d 1496, 1499 (11th Cir. 1986); see Gold, 151 F. 3d at 1350-51.

Plaintiff Hoelper fails to state a proper § 1983 claim against Defendant Coats, Sheriff of Pinellas County, because she fails to sufficiently allege the existence of Defendant Coats' policy or custom that allowed Defendants Wiltse and Zirkel's alleged violation of the Plaintiff's constitutional rights. At best, the Plaintiff provides two (2) factual allegations as to the existence of a "protect deputies at all costs" policy or custom: 1) Defendant Wiltse's inappropriate investigations (Compl. ¶¶ 21-26, 38) and 2) Defendant Wiltse's report-writing deficiencies in the past (Compl. ¶ 37). Other than that, Plaintiff Hoelper merely repeats "a policy of protecting [the Sheriff's] deputies, at all costs, from discipline or criticism for their improper acts, ..." without any accompanying facts (Compl. ¶ 43).

A municipality may not be held liable for § 1983 claim "solely because it employs a tortfeasor." Board of County Comm'rs v. Brown, 520 U.S. 397 at 397. Although a § 1983 plaintiff may satisfy a policy identification by showing a custom as a widespread practice known to the governance of the institution, the Plaintiff's allegations do not show more than individual deputies' isolated wrongdoings, and fail to establish Defendant Coats' inadequate training or supervision of Defendants Wiltse and Zirkel as a settled and permanent practice.

6

Thus, the Plaintiff fails to allege Defendant Coats' deliberate indifference because she fails to show a widespread practice and the obvious need to stop it, a prerequisite allegation to show Defendant Coats' deliberate choice not to act.

Even if this Court assumes Plaintiff Hoelper's allegations are sufficient to establish Defendant Coats' policy, the Plaintiff's complaint nonetheless fails to show a direct causal link between the policy and the deprivation of her constitutional rights. In Count II, the Plaintiff alleges the motive of malicious prosecution so as to punish her for complaining about Defendant Zirkel's brother, Daniel Zirkel's, illegal business (Compl. ¶ 50). Accepting the Defendant deputies' malicious intent, the Plaintiff's allegation of Defendant Coats' policy or custom as a cause of the violation of her constitutional rights loses its power to be a "moving force" behind the violation. Therefore, under the pleading standards of Twombly and Iqbal, Plaintiff Hoelper fails to state a plausible cause of her § 1983 municipal liability action in Count I. Twombly, 550 U.S. at 570; Iqbal, 129 S. Ct. at 1949.

## B.     Count III: False Arrest/False Imprisonment Claim

Plaintiff's Count III alleging false arrest against Defendant Coats is lacking reference to governing law. This Court construes Count III as alleged under 46 U.S.C. § 1983, considering both the Plaintiff's allegations and unfavorable consequences under Florida law.[1]

---

[1]     In the State of Florida, Plaintiff Hoelper's false arrest/imprisonment claim against Defendant Coats under respondeat superior theory would be barred because of the Plaintiff's allegation of the Defendant deputies' actions with malice (Compl. ¶ 63), and the agency is not liable under state law for the malicious acts of its employees. See Boggess v. School Board of Sarasota County, No. 8:06-CV-2245-T-27EAJ, 2008 WL 564641 at *5 (M.D. Fla. Feb. 29, 2008); FLA. STAT. § 768.28(9)(a) (2009).

Under 42 U.S.C. § 1983, the framework for Count III is the same as Count I. As discussed before, the Plaintiff fails to claim sufficient factual allegations as to a policy or custom. The Plaintiff's allegations of the "deputy protection priority first over citizen justice policies," "we are a family policy," and "nepotism continuance policy" lack any factual support to infer those policies (Compl. ¶¶ 63, 64). Additionally, Plaintiff Hoelper fails to identify a custom as a persistent and settled practice. Without identifying a policy or custom, the Plaintiff merely repeats a conclusory allegation of a causal link between the alleged policies and her constitutional injury. Therefore, the Plaintiff's Count III fails to state a plausible cause of action under 46 U.S.C. § 1983.

## II. Malicious Prosecution

Plaintiff Hoelper asserts a § 1983 claim for malicious prosecution (Count II) against Defendants Zirkel and Wiltse based on the Defendants' alleged unlawful arrest, detention, and participation on the subsequent criminal prosecution of Plaintiff in the absence of probable cause.

To state a §1983 claim for malicious prosecution, there must be an independent source for the federal right allegedly violated. Whiting v. Traylor, 85 F. 3d 581, 583 (11th Cir. 1996) The Eleventh Circuit has recognized that the Fourth Amendment right to be free from an unlawful seizure can serve as the basis for a § 1983 malicious prosecution claim. Wood v. Kesler, 323 F. 3d 872, 881 (11th Cir. 2003). To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove "(1) the six elements of the common

law tort of malicious prosecution,[2] and (2) a violation of her Fourth Amendment right to be free from unreasonable seizures." Kingsland v. City of Miami, 382 F. 3d 1220, 1234 (11th Cir. 2004).

A § 1983 claim for malicious prosecution under the Fourth Amendment requires that the deprivation of liberty -the seizure- must have been effected "pursuant to legal process" because the essence of malicious prosecution is "the perversion of proper legal procedures." Singer v. Fulton County Sheriff, 63 F. 3d 110, 116-117 (2d Cir. 1995). Generally, the legal process will be "either in the form of a warrant, in which case the arrest itself may constitute the seizure, or a subsequent arraignment [after the arrest], in which case any post-arraignment deprivation of liberty" may satisfy the seizure under the Fourth Amendment. Id; see also Whiting v. Traylor, 85 F. 3d 581, 585 (11th Cir. 1996). Thus, in a case of a warrantless arrest, a plaintiff's arrest cannot serve as the predicate deprivation of liberty for malicious prosecution "because the judicial proceeding does not begin until the party is arraigned or indicted." Kingsland, 382 F. 3d at 1235; see also Singer, 63. F. 3d at 117 (explaining a warrantless deprivation of liberty from the moment of arrest to the time of arraignment is analogous in the tort of false arrest, while the tort of malicious prosecution

---

[2]       Under Florida law, a tort of malicious prosecution requires "(1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding." Kingsland, 382 F. 3d at 1234.

9

will implicate post-arraignment deprivations of liberty.) Accordingly, a seizure occurring as the result of an initiation of legal proceeding -arraignment or indictment- may serve as a predicate for a § 1983 malicious prosecution claim. Kingsland, 382 F. 3d at 1235-36.

Defendants incorrectly argue that Plaintiff cannot state a cause of action as to a § 1983 claim for malicious prosecution because Plaintiff's arrest occurred prior to the commencement of criminal proceedings. However, in the case of warrantless arrest, an arrestee can claim for false arrest for the pre-arraignment deprivation of liberty, as well as malicious prosecution for the post-arraignment deprivation of liberty. Id. at 1234-36; Reys v. City of Miami, No. 07-22680-CIV, 2008 WL 686958 at *7-8 (S.D. Fla. Mar. 13, 2008).

Here, Plaintiff claims for malicious prosecution only. Thus, if Plaintiff's post-arraignment deprivation of liberty rises up to the level of the unreasonable seizure, her § 1983 claim for malicious prosecution can be cognizable under the Fourth Amendment. In Kingsland, although the plaintiff failed to show a sufficient level of post-arraignment unreasonable seizure, the Eleventh Circuit acknowledged that "continuing seizure" for post-arraignment would be "some significant, ongoing deprivation of liberty, such as a restriction on the defendant's right to travel interstate." 382 F. 3d at 1236.

Plaintiff alleges that Defendants' false arrest and false charges caused pretrial condition to be imposed on her including a large bond and travel restrictions, and about eighteen (18) months of criminal proceeding, which ultimately resulted in acquittal (Compl. ¶¶ 2,3, 28, 30). On its face, Plaintiff's complaint does not clarify the time of initiation of the legal process as to malicious prosecution. However, the complaint's allegation of arrest,

10

incarceration, and subsequent criminal proceeding, along with the elements of malicious prosecution under Florida law, adequately encompass her post-arraignment deprivation of liberty, which may constitute unreasonable seizure. Thus, if favorably construed, the complaint sufficiently alleges Plaintiff's post-arraignment deprivation of liberty and states her §1983 claim for malicious prosecution based on a violation of the Fourth Amendment right to be free from unreasonable seizure.

### III.    Conspiracy

Plaintiff Hoelper alleges that Defendants, William Wiltse and Mark Zirkel, conspired with Mark Zirkel's brother, Daniel Zirkel, to unlawfully cause Plaintiff's arrest, detention, and criminal prosecution as a punishment for Plaintiff's lawful complaint about Daniel Zirkel's illegal car and junk repair business to Pinellas County Code Enforcement (Count II).

To establish a conspiracy claim under 42 U.S.C. § 1983, a plaintiff must allege three (3) elements: "(1) a violation of [Plaintiffs'] federal rights; (2) an agreement among the Defendants to violate such a right; and (3) an actionable wrong." Geidel v. City of Bradenton Beach, 56 F. Supp. 2d 1359, 1367 (M.D. Fla. 1999). Further, a plaintiff must plead a § 1983 conspiracy claim with particularity, and "merely conclusory, vague and general allegations of conspiracy are not sufficient." to survive a motion to dismiss. Fullman v. Graddick, 738 F. 2d 553, 556-57 (11th Cir. 1984).

Defendants argue that Plaintiff's conspiracy claim in Count II should be dismissed based on either the intracorporate conspiracy doctrine, or the failure to allege a conspiracy with sufficient particularity. The intracorporate conspiracy doctrine is inapplicable in this

11

case because Plaintiff clearly designates Mark Zirkel, a non-employee of the Pinellas County Sheriff's Office, as a part of the conspiracy and her factual allegations satisfy the elements of a §1983 conspiracy claim. Here, Plaintiff's complaint sufficiently alleges an agreement between Defendants and Daniel Zirkel more than mere conclusory statements. According to Plaintiff's allegation, after her successful protest to the county about Daniel Zirkel's illegal business, Daniel Zirkel and his wife attacked Plaintiff. After beating Plaintiff, Daniel Zirkel called to his brother, Defendant Deputy Zirkel, asking whether "it's all worked out" and "[h]e knows where he's going." (Compl. ¶ 19) Another Defendant, Deputy Wiltse, arrived shortly thereafter and unlawfully arrested Plaintiff without probable cause.

Although Defendants argue that Plaintiff's allegations regarding Daniel Zirkel's participation in the conspiracy are conclusory, her allegations are particular enough to suggest Daniel Zirkel as a part of the conspiracy. Accepting the Plaintiff's complaint as true, Daniel Zirkel is the one who is affected by Plaintiff's successful protest against his illegal business, who affirmatively attacked Plaintiff, and called to his Deputy brother after beating Plaintiff. Furthermore, the allegations of Defendant Wiltse's one-sided behavior during his investigation, multiple phone calls between Defendants, and family relationship of Defendant Zirkel with Daniel Zirkel, sufficiently support allegations of Daniel Zirkel's participation in conspiracy. Therefore, the complaint successfully alleges the existence of an agreement among Defendants and Daniel Zirkel and satisfies the required elements to plead a § 1983 conspiracy claim.

## IV. Consortium

Plaintiff Michael Swann, husband of Plaintiff Hoelper asserts a claim for loss of consortium. (Count IV) "Generally, loss of consortium is a derivative claim which must arise out some tort liability to the spouse." Crawford v. City of Tampa, No. 8:08-cv-927-T-26EAJ, 2009 WL 64905 at *2 (M.D. Fla. Jan. 9, 2009). Because Plaintiff Hoelper's § 1983 claim for malicious prosecution survives Defedants' motions to dismiss, Plaintiff Swann's loss of consortium can be sustained as a derivative claim. Accordingly, it is

**ORDERED** that Defendant, Jim Coats', Motion to Dismiss (Doc. 5) as to Plaintiffs' complaint Count I and III is **GRANTED** with prejudice, and he is dismissed as a defendant in this case. Defendants, Mark Zirkel and William Wiltse's, Motions to Dismiss (Doc. No. 9, 11) as to Plaintiffs' complaint Count II and Count IV are **DENIED.** The remaining defendants have ten (10) days from this date to answer the complaint.

**DONE AND ORDERED** at Tampa, Florida, on _OCTOBER 27th_, 2010.


ELEZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE


Copies to: All parties and counsel of record.

13